**Opinion filed December 31, 2025**



In The

# Eleventh Court of Appeals

————

## No. 11-25-00368-CV

————

## IN RE CHRISTOPHER M. PERRICONE

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Pro se Relator, Christopher M. Perricone, filed this original proceeding seeking relief against the Palo Pinto County District Clerk. Relator asks this court to compel the district clerk to perform his ministerial duty to assign Relator's recusal claim a new cause number pursuant to Section 30.017(b) under Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 30.017 (West Supp. 2025).[1]

---

[1]Section 30.017 provides that a claim against a district court judge that is added to a case pending in that court is automatically severed from the original case, and "[t]he clerk of the court shall assign the claim a new cause number." CIV. PRAC. & REM. § 30.017(a), (b).

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will only issue if the trial court clearly abuses its discretion, and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion 'if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005 (orig. proceeding) (per curiam) (quoting *Walker*, 827 S.W.2d at 839). It is the relator's burden to provide the reviewing court with a sufficient record to establish the right to mandamus relief. TEX. R. APP. P. 52.3, 52.7; *see Walker*, 827 S.W.2d at 837; *In re Perricone*, No. 11-25-00288-CV, 2025 WL 2980655, at *1 (Tex. App.—Eastland Oct. 23, 2025, orig. proceeding) (mem. op.).

This court's authority to exercise original jurisdiction is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2025) (limited writ powers granted to courts of appeals). We do not have writ jurisdiction over a district clerk unless it is necessary to enforce our jurisdiction in another proceeding. *See* GOV'T § 22.221; *In re Eller*, 672 S.W.3d 194, 194–95 (Tex. App.—Waco 2023, orig. proceeding).

Relator has not demonstrated that our jurisdiction is implicated here, or that the Palo Pinto County District Clerk is a party against whom we may issue a writ under the circumstances. Rather, the district court has the authority to issue writs of mandamus following a legal duty to perform a nondiscretionary act, a demand for performance, and a refusal to perform. *See* GOV'T § 24.011; *Tex. Tel. Ass'n v. Pub. Util. Comm'n of Tex.*, 653 S.W.3d 227, 263 (Tex. App.—Austin 2022, no pet.). We

therefore have no jurisdiction as an intermediate appellate court to grant the relief that Relator seeks against the district clerk.

Accordingly, we dismiss Relator's petition for want of jurisdiction. All pending motions are dismissed as moot.


W. BRUCE WILLIAMS

JUSTICE


December 31, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.